IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01835-WYD-MJW

KELLY PAIZ,

Plaintiff,

v.

CC SERVICES, INC., a/k/a COUNTRY INSURANCE AND FINANCIAL SERVICES,

Defendant.

## ORDER REGARDING
## PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOCKET NO. 13)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter came on for oral argument on March 25, 2008, on the Plaintiff's Motion to Amend Complaint (docket no. 13). The court has reviewed and considered the subject motion (docket no. 13), the response (docket no. 18) thereto, and the reply (docket no. 20). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings after the time for amending as a matter of right has passed "only with the opposing party's written consent or the court's leave. The court should freely give

leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny a motion for leave to amend where, among other reasons, "amendment would be futile." Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc., 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." Watson ex rel. Watson v. Beckel, 242 F.3d 1237, 1239-40 (10th Cir. 2001). A court faced with a challenge to a motion to amend based on the futility defense therefore will consider the sufficiency of the claims that the moving party seeks to add in the party's proposed amended complaint. Moody's, 175 F.3d at 859.

Here, the court finds that the parties are currently in the discovery phase of this case. The parties are presently exchanging written discovery. No depositions have been taken to date, and therefore no party would be prejudice by allowing the amended complaint to be filed. I find that Plaintiff has sufficiently plead in her proposed Amended Complaint an additional claim under the Equal Pay Act. See Mickelson v. New York Life Ins. Co., 460 F.3d 1304, 1311 (10th Cir. 2006). Moreover, I find that a Plaintiff is permitted to plead in the alternative in her Complaint, and Defendant's argument that Plaintiff cannot have inconsistent theories of recovery may be addressed by way a motion for summary judgment, but such argument should not prevent Plaintiff from amending her Complaint. See Natural Wealth Real Estate, Inc. v. Cohen, 2007 WL 201252 (D. Colo. Jan. 23, 2007) ("In the typical case [a party] would be permitted to pursue alternative theories until summary judgment."); Kaiser v. Bowlen, 181 F.

Supp.2d 1200, 1201 (D. Colo. 2002) ("Alternative theories of relief are permitted at the pleading stage of litigation.  The plaintiff may be required to elect between these claims before trial.").

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Amend Complaint (docket no. 13) is **GRANTED**;

2. That the Amended Complaint (docket no. 13-2) is accepted for filing as of the date of this Order; and,

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 26th day of March 2008.

                BY THE COURT

                s/ Michael J. Watanabe
                MICHAEL J. WATANABE
                U.S. MAGISTRATE JUDGE